UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| V. | § | 5:98-CR-26 |
| | § | |
| **GRADY LYNN COX** | § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

On January 9, 2007, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Barry Bryant. Defendant was represented by Wayne Dickey.

Grady Lynn Cox was sentenced on February 17, 2000, before The Honorable David Folsom of the Eastern District of Texas after being found guilty of the offense of receiving visual depictions of minors engaged in sexually explicit conduct, three Counts, a Class C felony. This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of I, was 78 to 97 months. Grady Lynn Cox was subsequently sentenced to 78 months imprisonment followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, sex offender treatment, shall not possess any pornographic material, shall not use oriented telephone numbers or services, shall not use any escort or sexually oriented services, shall not have contact with our use devices that communicate data via modem or dedicated connection and shall not have access to the Internet, shall not be in the presence of minor children under the age of 18 unless in the presence of a responsible adult over the age of 21 or as

approved by the probation officer, shall comply with the registration laws for offenders convicted of sexual crimes, shall submit his property to a search by the probation officer with or without a warrant, a $2,500 fine and a $300 special assessment. On October 13, 2005, Grady Lynn Cox completed his period of imprisonment and began service of the supervision term.

On December 1, 2006, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows. On, about, and prior to August 21, 2006, and while serving his term of supervised release, Mr. Cox possessed child pornography in violation of Title 18 U.S.C. § 2252(a)(4)(B), by possessing a VHS tape that contains the movie Baby Love, by possessing a VHS tape that contains the movie East End Hustle, and another VHS tape that is unmarked with an unknown movie, all of which contain images of what appears to be minors engaged in sexually explicit conduct.

2) Defendant shall not possess any pornographic material. Specifically, the Government alleges as follows. Mr. Cox violated this condition in that on, about, and prior to August 21, 2006, and while serving his term of supervised release, he possessed three VHS tapes that contain images of minors engaging in sexually explicit conduct and or pornographic images of what appears to be minors. In addition, Mr. Cox violated this condition in that on, about, and prior to August 21, 2006, and while serving his term of supervised release, he possessed 51 VHS tapes which contained pornographic content on them.

3) Defendant shall not use sexually oriented telephone numbers or services, and shall not use any escort services, outcall services, or any sexually oriented services. Specifically, the Government

alleges as follows.  On August 18, 2006, Mr. Cox admitted to contacting an escort service on or about October 13, 2005, in or about Ft. Worth, Texas, and paid $200 for a woman to bare her breast and give him a "hand job."

The Court scheduled a revocation hearing January 9, 2007.  At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the third allegation as set forth above.  Based upon the Defendant's plea of true to the third allegation and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with no term of supervised release to follow such term of imprisonment.  The Court further recommended that Defendant be allowed to surrender to the U.S. Marshal's office on February 9, 2007, and that until February 9, 2007, Defendant remain on the previous conditions of release that were imposed.  Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the third allegation as set forth in the Government's petition be **ACCEPTED**.  Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**.  Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with no term of supervised release to follow such term of imprisonment.  It is further

**RECOMMENDED** that Defendant be allowed to surrender to the U.S. Marshal's office on February 9, 2007, and that until February 9, 2007, Defendant remain on the previous conditions of

release that were imposed.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

**SIGNED this 9th day of January, 2007.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE